JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Reyes Cardel,<br><br>Petitioner,<br><br>v.<br><br>Christopher D. McGregor,<br><br>Respondent. | No.   CV-26-01034-PHX-SHD (MTM)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

The Petition raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement (ICE) apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Another judge in this District has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners. Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under

1  § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061
2  (7th Cir. 2025). And on December 18, 2025, the Central District of California entered
3  judgment in a class action likely covering petitioner declaring "the Bond Eligible Class
4  members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention
5  under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described
6  in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for
7  Admission' under the Administrative Procedure Act as not in accordance with law. 5
8  U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18,
9  2025).

10  Based on prior decisions in this District, the Seventh Circuit's opinion, and the final
11  judgment entered by the Central District of California, Respondents must show cause why
12  the Petition should not be granted and the Court should not order Petitioner be released or
13  provided a bond hearing under 8 U.S.C. § 1226. Any response must be supported by
14  documentary evidence including, if applicable, affidavits signed under penalty of perjury
15  by individuals with personal knowledge of the factual statements made therein.

16  **IT IS ORDERED:**

17  (1) Counsel for Petitioner must immediately serve the Petition (Doc. 1) on
18  Respondents.

19  (2) If not already issued, the Clerk of Court must issue any properly completed
20  summonses.

21  (3) The Clerk of Court must immediately transmit by email a copy of this Order
22  and the Petition to the United States Attorney for the District of Arizona, to the attention
23  of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at
24  melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at
25  Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and
26  Mary Finlon at Mary.Finlon@usdoj.gov.

27  (4) Respondents must show cause no later than **February 20, 2026**, why the
28  Petition should not be granted.

1     (5)    Petitioner may file a reply no later than **February 24, 2026**.

Dated this 17th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge